UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                     CASE NO: 2:03-cr-126-FtM-29

KELVIN KELLY

---

**OPINION AND ORDER**

This matter comes before the Court on defendant's letter motion for compassionate release or to commute sentence (Doc. #295) filed on April 17, 2020. Upon request for an expedited response, Doc. #296, the government filed a Response (Doc. #297) on April 27, 2020.

The Court construes the motion as being for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. As Klatch v. United States, 8:17-CR-135-T-27JSS, 2020 WL 1694299, at *1, *2 (M.D. Fla. Apr. 7, 2020) recently summarized:

> The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies within the Bureau of Prisons. See First Step Act of 2018, § 603(b).2 While this provision provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must still be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that

> "[r]ehabilitation of the defendant alone" is insufficient. See 28 U.S.C. § 994(t).
>
> The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1.

In January 2019, after enactment of the First Step Act, the Bureau of Prisons revised its Program Statement regarding compassionate release. See Federal Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g) (Jan. 17, 2019).[1] With respect to a request for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), the Program Statement outlines certain minimum requirements. Specifically, the request to the Warden should be in writing and:

> shall at a minimum contain the following information: (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration. (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment."

---

[1] https: //www.bop.gov/policy/progstat/5050_050_EN.pdf.

<u>Id.</u> at § 571.61.

Defendant has not alleged that he complied with the administrative exhaustion requirements, and the United States has not waived or forfeited compliance with those requirements. While defendant indicates that he will have two jobs waiting for him, defendant does not allege any extraordinary or compelling circumstances to support compassionate release. The desire to be home with his family sooner than later is not a basis for release. Additionally, as noted by the government, the Court has no power to commute a sentence. Therefore, this alternative request must also be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's letter motion for compassionate release or to commute sentence (Doc. #295) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record