UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 2:03-cr-126-FtM-29

KELVIN KELLY

_____

**ORDER**

This matter comes before the Court on defendant's letter motion for compassionate release (Doc. #299) filed on June 30, 2020. The government filed a Response to Defendant's Request for Compassionate Release (Doc. #301) on July 7, 2020. The Court denied a previous motion for a reduction based on defendant's failure to exhaust administrative remedies, and alternatively because the Court has no power to commute the sentence. (Doc. #298.)

Defendant states that he has been dealing with a medical condition that causes stomach bleeding and kidney pain, and that a test also showed blood in defendant's stool. Defendant has a pending colonoscopy consult at an outside hospital, however the consult has been delayed due to the COVID-19 pandemic. Defendant argues that he is bleeding and in pain, but the medical staff is not taking what could be a life threatening condition seriously.

Defendant states that if he stands for more than 5 minutes, he gets light-headed and feels weak.

Defendant seeks release so that he can receive treatment. Defendant states that he has family support, he will find work with his brother, who is a manager at a food franchise, and has completed 90% of his sentence. Defendant attached the Warden's Response denying his request for a reduction in sentence.

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable

>       policy statements issued by the Sentencing
>       Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Defendant pursued his administrative remedy of appeal, and the appeal was closed on June 25, 2020. The government concedes that defendant has now exhausted his administrative remedies. (Doc. #301, p. 3.) The government states that defendant is projected to be released on January 27, 2023. The government argues that the motion must still be denied pursuant to the application note to United States Sentencing Guideline Manual §1B1.13, cmt. n.1(A) because the medical basis asserted is not a terminal illness, and has not been shown to be a serious physical or medical condition that diminishes his ability for self-care. The BOP has confirmed nine active cases of COVID-19 at defendant's facility, however medical isolation is available and no one has died from COVID-19.

After review, the Court finds that while defendant may have a condition requiring treatment, the condition is not preventing him from being able to eat, walk, and communicate. The Court does not find an extraordinary and compelling reason warranting a reduction in sentence, and finds that a sentence reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission.

Accordingly, it is hereby

**ORDERED:**

Defendant's letter motion for compassionate release (Doc. #299) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2020.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record